IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Lee Wilson,

        Plaintiff,               Case No. 3:05CV7222

v.                               ORDER

Homecomings Financial Network, Inc., *et al.*,

        Defendants.

Plaintiff Robert Lee Wilson brought suit against Homecomings Financial Network, Inc. (Homecomings), Intervale Mortgage Corporation (IMC), Decision One Mortgage Company (Decision One), and Novastar Home Mortagage, Inc. (Novastar). Wilson alleges claims of fraud, usury, recision of the mortgage, violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et. seq.*, violations of the Ohio Mortgage Broker's Act, O.R.C. § 1322.11, and violations of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq*.

Pending are defendants' motions to dismiss Wilson's fraud claims under Fed. R. Civ. P. 9(b) and Wilson's usury claims under Fed. R. Civ. P. 12(b)(6). Additionally, Novastar moves to dismiss Wilson's TILA claim under Fed. R. Civ. P. 12(b)(6).

Jurisdiction exists under 28 U.S.C. §§ 1331, 1332.

For the following reasons those motions will be granted in part and denied in part.

**Background**

On February 13, 2004, Wilson secured a mortgage from IMC for a principal indebtedness of $255,550. Novastar brokered this transaction.

IMC then transferred the mortgage to Decision One, which later assigned the mortgage to Homecomings.

This action results from the mortgage entered into between Wilson and IMC.

## Discussion

### I. Wilson's Fraud Claims

Defendants argue this court should dismiss Wilson's fraud claims for a failure to meet the pleading requirements of Rule 9(b). They argue the complaint fails to identify the person or persons making the allegedly false statement, the time and place the statements were made, or the contents thereof.

Wilson contends his fraud claims meet Rule 9(b)'s requirements because the complaint provides defendants with sufficient notice of the claim allowing the defendants to make an informed response.

Rule 9(b) requires plaintiffs to plead fraud with particularity. Fed. R. Civ. P. 9(b). The Sixth Circuit liberally construes this requirement. *Coffey v. Foamex L.P.*, 2 F.3d 157, 161 (6th Cir. 1993); *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988) ( Rule 9(b) should not be read in an overly restrictive manner to weed out claims.).

To meet the Rule 9(b) requirement, a plaintiff must plead a fraud claim in a manner that places the defendant on "sufficient notice of the misrepresentation" such that a defendant can answer the fraud claim "in an informed way." *Coffey*, 2 F.3d at 161 (citation omitted). At a minimum, Rule 9(b) requires the plaintiff identify the "'time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury

resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (citing *Coffey*, 2 F.3d at 161-62 (6th Cir.1993)).

Wilson's complaint identifies the defendants as the persons making the alleged fraudulent statements before or at the closing on November 13, 2004. His complaint alleges that the defendants falsely stated Wilson had obtained the lowest possible interest rate available.

Although a close call, I conclude that Wilson has given defendants sufficient notice of the fraud claims to allow them to respond in an informed manner. The complaint identifies the time as at or before the closing on November 13, 2004. A specific date is not necessarily required to meet Rule 9(b)'s pleading requirements. *Id.* at 565; *see also* Wright & Miller, Federal Practice and Procedure § 1298 ("the rule regarding the pleading of fraud does not require absolute particularity or a recital of the evidence, especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery"). For purposes of satisfying this requirement, such specification in light of the other circumstances alleged in the complaint is sufficient.

The defendants' can determine the names of the agents present at the closing by examining the signed documents produced thereon. Under the circumstances alleged in the complaint, any omission in the complaint cannot cause any prejudice, as the defendants either know or easily can learn who participated in or witnessed the events giving rise to plaintiff's claim. Finally, Wilson's complaint identifies the contents of the alleged false statements.

Thus, Wilson's complaint places the defendants on sufficient notice of the time when the statements were made, their contents, and who may have made them to enable the defendants to respond to the allegations in an informed manner.

Therefore, Wilson's fraud claims meet the requirements of Rule 9(b) and should not be dismissed.

## II. Wilson's Usury Claims

Defendants argue Wilson's usury claims under Revised Code § 1343.01 should be dismissed because the principal of Wilson's mortgage exceeded $100,000, and therefore is excepted from the statute. Wilson asserts that he did not agree to the interest rate on the mortgage because the defendants failed to disclose the interest rate included broker fees and a yield premium.

Revised Code § 1343.01(B)(1) provides that a person may agree to pay a rate in excess of the statutory rate if the original principal amount of the loan exceeds $100,000.

The original principal of $255,550 on Wilson's mortgage exceeds this minimum amount. Wilson, regardless of any antecedent fraud, agreed to pay the rate in the note secured by the mortgage.

Therefore, Wilson's usury claims will be dismissed.

## III. Wilson's TILA Claim Against Novastar

Finally, Novastar asks this court to dismiss Wilson's TILA claim. Novastar contends that the disclosure requirements under TILA do not apply because TILA only applies to creditors. Wilson argues that a mortgage broker is a creditor under TILA.

Section 1602(f) defines a creditor as:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f).

Wilson does not allege that his mortgage was originally payable on its face or by agreement to Novastar. He does not allege additional facts to argue that Novastar, although a mortgage broker, meets the definition of a creditor under TILA. Without additional facts, Novastar, a mortgage broker, does not meet the TILA definition of a creditor. *See Burnside v. Washtenaw Mortg. Co.*, 2002 U.S. Dist. LEXIS 13325, at \*\*12-13 (S.D. Ohio 2002).

Accordingly, Wilson's TILA claim against Novastar is dismissed.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT

1. Defendants' motions to dismiss plaintiff's fraud claims be, and the same hereby are, denied.

2. Defendants' motions to dismiss plaintiff's usury claims be, and the same hereby are, granted.

3. Defendant Novastar's motion to dismiss plaintiff's TILA claim be, and the same hereby is, granted.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge